The opinion of the Court was delivered by
Dunkin, C. J.
The principal if not exclusive grounds urged in the argument for a new trial, were for misdirection of the presiding Judge in his charge to the j ury, as well as for the admission of incompetent testimony.
Upon this latter ground it is only necessary to repeat that William W. Pender, the husband of the witness, had not been arrested and was not upon his trial. The verdict could not be given in evidence either for or against him. Upon the authority of the case cited, (State vs. Anthony, 1 McC. 285,) under these circumstances the objection to the competency of the wife was properly overruled.
*90 But the misdirection upon which the counsel chiefly relied was the instruction that the jury were not judges of the law as well as tbe facts in the trial of capital felonies. Upon this subject it cannot be said that there is either doubt or difficulty. The jury have the power (and, in finding a general verdict, must necessarily exercise it) to judge of the facts and the law. But it is the duty of the Court to instruct the jury upon all questions of law, and it is the duty of the jury to take the law from the Court, as they take the facts from the witnesses, and make their verdict accordingly. This is a principle of the utmost consequence to life and liberty as well as property. It extends to all criminal -cases. What is. an assault, is a question of law; what is murder, is a question of law. Whether in a given case the facts amount to murder or assault is a matter for -the jury under the direction of the Court on the law. The jury take the instruction of the Court as evidence of the law, and they turn to the witnesses for evidence of the facts; and judging in this sense of the law and facts, a 'general verdict is rendered. In any other sense the law of one jury might not be the law of another jury; and if they erred through ignorance or otherwise, there could be no correction. If the Judge err in misstating a legal principle, the remedy by appeal is easy, and the error, may be corrected; but if the jury act on a misconception of law, there is no remedy. This is the greatest protection to the accused; his highest and best security against oppression. These principles are well stated in the case of The State vs. Randell & Vincent, cited at the bar, from 5 Harrington’s (Delaware) Rep. 483. The charge of the presiding Judge in this case, as reported to us, does no more than enumerate these well-settled principles. Nor was there any error in his observations in reference to the evidence of an alibi.
The testimony was peculiarly proper for the consideration of the jury.
Under the provisions of the recent Act of the Legislature, *91 tbe defendants were admitted as witnesses, and had the opportunity of telling their own story. It was the province of the jury to estimate what degree of credit should be attached to this as well as the other evidence in the cause. They have found the defendants guilty, and we see no grolind, either in the charge of the Court or in the conclusions of the jury, to warrant this Court in ordering a new trial.
The motion is dismissed.
Wardlaw and Inglis, J. J., concurred.

Motion dismissed.